**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BOREALIS S. HEDLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:25-cv-04062 (UNA) |
| | ) | |
| ROBERT MEEK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* civil Complaint ("Compl."), ECF No. 1, and Amended Application for Leave to Proceed *in forma pauperis*, ECF No. 4.  The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, who currently resides in Ireland, has filed a 218-page prolix Complaint.  *See generally* Compl.  They sue the Clerk and the Emergency Applications Attorney of the U.S. Supreme Court.  *See id.* at 1. Although the Complaint oscillates between vague and esoteric ruminations regarding state, federal, and international laws, immigration and citizenship, and the criminal justice system, at root, Plaintiff takes issue with Defendants' administrative rejection of their proposed submissions, *see id*. at 2, 10, 13–14, and Defendants' alleged misgendering, including use of Plaintiff's deadname, *see id*. at 2, 10–11, 14.  They demand equitable relief, largely related to modification of the Supreme Court's filing rules, deadlines, procedures, and costs.  *See id*. at 1–2, 13–14.

At the outset, the Court finds that Plaintiff's Complaint fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Plaintiff's Complaint is neither short nor plain, and as presented, neither the Court nor the Defendants have reasonable notice of a cognizable claim. When, as here, allegations are presented in a "disorganized and convoluted" manner, dismissal is often appropriate for that reason alone. *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at \*12 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).

In other words, a complaint that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]"does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Simply put, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8," *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted), and Plaintiff's Complaint falls squarely into this category.

Furthermore, even if Plaintiff's claims were better pleaded, this Court lacks subject matter jurisdiction to revisit or intervene in actions by the Supreme Court and its staff. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172

(D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Relevant here, "the Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders." *Thrasher v. Suter*, No. 11–1367, 2011 WL 3267933, at *1 (D.D.C. July 27, 2011) (citing Sup. Ct. R. 1), *aff'd*, 473 Fed. Appx. 5 (D.C. Cir. 2012) (per curiam). "This Court has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers[,]" including how, why, when, or whether they accept or reject a litigant's submissions. *See id.* (citation omitted); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (dismissing action against Supreme Court Justices and staff for want of jurisdiction, where plaintiff alleged that he was wronged by the court's failure to grant certiorari and sought to "compel official action" by and through injunctive and declaratory relief) (citation omitted); *see Fuller v. Harris*, 258 F. Supp. 3d 204, 207 (D.D.C. 2017) (dismissing action to compel the Supreme Court and its clerks, by way of declaratory judgment, to file plaintiff's petition for writ of certiorari, based on the court's lack of jurisdiction to compel officials of higher court to take action) (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Thompson*, 43 U.S. 244, 257 (1844)).

Indeed, the D.C. Circuit has consistently "held that the lower federal courts have no authority to compel the Clerk of the Supreme Court to take any action because 'supervisory responsibility' over the Clerk is 'exclusive to the Supreme Court.'" *Reddy*, 520 F. Supp. 2d at 132 (quoting *In re Marin*, 956 at 340). "This holding applies no less to the deputy clerk and the law clerks, based on the same principle of the Supreme Court's exclusive supervisory responsibility

over its staff." *Id.* (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Higgins*, No. 99–1576, 1999 WL 1029177, at *1 (D.D.C. June 18, 1999), *aff'd sub nom.*, 203 F.3d 52 (D.C. Cir. 1999)).  And "[e]ven less needs to be said to explain that a lower federal court" patently lacks the ability "to compel the justices of the Supreme Court to take any action."  *Reddy*, 520 F. Supp. 2d at 132–33; *Steele v. Supreme Court of U.S.*, 255 Fed. Appx. 534, 534–35 (per curiam) (finding same and affirming trial court's dismissal with prejudice of an action filed against the United States Supreme Court and its Clerk and staff); *In re Lewis*, No. 99–5015, 1999 WL 150347, at *1 (D.C. Cir. 1999) (per curiam) (same).

As such, this matter is dismissed without prejudice.  Plaintiff's other pending Motions, ECF Nos. 2, 5, 7, 8, 9, 10, 15, 17, 18, 20, and 22, are all denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

Date:    March 9, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge